UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAYTHEL FISHER, JR., Warden,<br><br>　　　　　Respondent. | No.  1:16-cv-00169-SKO  HC<br><br>**ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM** |

### **SCREENING ORDER**

On December 8, 2014, this Court dismissed as successive Petitioner's most recent prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Wilhelm v. Davis*, Doc. 8 (E.D.Cal. Dec. 8, 2014) (No. 1:14-cv-01776-SAB HC). The District Court declined to issue a certificate of appealability. *Id.* Petitioner appealed to the U.S. Court of Appeals for the Ninth Circuit, which denied his request for a certificate of appealability. *Wilhelm v. Davis*, Doc. 13 (E.D.Cal. Dec. 8, 2014) (Dist. Ct. No. 1:14-cv-01776-SAB HC; App. Ct. No. 15-15043). The United States Supreme Court denied Petitioner's petition for writ of certiorari on November 16, 2015. *Wilhelm v. Fisher,* 136 S.Ct. 508 (mem.) (2015). On February 5, 2016, in this Court, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2016 Petition").[1] The 2016 Petition seeks to set aside the Supreme Court's denial of the petition for

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

writ of certiorari in the 2014 case. Petitioner provides no documentation of his petition for writ of certiorari or the proceedings before the Supreme Court. Instead, he supports the above-captioned petition with substantive arguments supporting the claims set forth in his 2014 petition for writ of habeas corpus.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Discussion**

Section 2254 authorizes district courts to consider petitions for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Nothing in § 2254 authorizes district courts to review the actions of the United States Supreme Court under the habeas review standards. Nor do District Courts otherwise have the jurisdiction or authority to set aside prior Supreme Court determinations. The 2016 Petition fails to state a claim for which this Court may provide relief.

Even if this Court could examine the Supreme Court's denial of the petition for writ of certiorari, Petitioner could not prevail. The genesis of this action was a successive petition for which Petitioner had not secured the approval of the Ninth Circuit, as required by 28 U.S.C. § 2244(b). When the circuit court has not authorized a second petition raising a previously present claim, the district court must dismiss the petition. 28 U.S.C. § 2244(b). In accordance with the
statutory requirements, this Court dismissed Petitioner's successive petition and declined to issue a certificate of appealability. Petitioner appealed the dismissal to the Ninth Circuit, which denied

a certificate of appealability as required by 28 U.S.C. § 2253 ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right").  Nothing in the record suggests that Petitioner, whose notice of appeal consisted of resubmission of his district court petition, ever alleged that the dismissal of the petition pursuant to § 2244(b) denied his constitutional rights.  Nor does the record include any evidence that Petitioner has ever moved for circuit court authorization to file a successive petition addressing his 2014 claims.

The Court will dismiss the above-captioned petition for writ of habeas corpus.  Having reviewed the petition and its exhibits as a whole, as well as applicable law, the Court also declines to grant Petitioner leave to amend the petition, finding no basis to conclude that Petitioner could plead a tenable claim for relief if the Court granted leave to amend.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

     (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion and Order

Based on the foregoing, it is hereby ORDERED that the petition for writ of habeas corpus be DISMISSED without leave to amend. The Court declines to issue a certificate of appealability. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **March 8, 2016**       **/s/ Sheila K. Oberto**
                 UNITED STATES MAGISTRATE JUDGE