UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>   Petitioner,<br><br> v.<br><br>RAYTHEL FISHER, JR., Warden,<br><br>   Respondent. | No. 1:16-cv-00169-SKO  HC<br><br>**ORDER DISMISSING MOTION FOR SANCTIONS AND MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 10 and 11)** |

On March 9, 2016, this Court dismissed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to state a cognizable claim. On March 16, 2016, Petitioner filed a motion for sanctions, the substance of which has no relationship to the petition that was dismissed in this closed case. The Court has no jurisdiction to address an unrelated motion for sanctions made in a closed case.

In addition, upon close examination, it appears that Petitioner seeks to characterize a claim for habeas relief under 28 U.S.C. 2254 as a violation of federal law entitling Petitioner to sanctions. To the extent Petitioner seeks relief for alleged constitutional violations arising from the actions of the classification committee of the California Department of Corrections and Rehabilitation ("CDCR"), he must bring his claims either in a new petition for writ of habeas corpus under 28 U.S.C. § 2254 or in a complaint under 42 U.S.C. § 1983, as appropriate. In light

of the limited factual allegations set forth in the motion for sanctions, the Court offers no opinion as to which action is the appropriate means for Petitioner to pursue his claim.

Because the Court dismisses the sanctions motion, the motion to proceed *in forma pauperis* is moot.

## Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

///

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue a motion for sanctions in this closed case to be debatable or wrong, or deserving of encouragement to pursue an appeal. Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion and Order**

It is hereby ORDERED:

1. The motion for sanctions is DISMISSED for lack of jurisdiction.
2. The motion to proceed *in forma pauperis* is DISMISSED as moot; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 21, 2016**                         **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE