UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, JR., Warden,<br><br>    Respondent. | CASE NO. 1:16-cv-00169-SKO  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 14) |

      On March 9, 2016, the Court dismissed the petition for writ of habeas corpus in the above-entitled case and entered judgment for Respondent. On April 7, 2016, Petitioner, proceeding *pro se,* filed an appeal in the Ninth Circuit Court of Appeals. On the same date, Petitioner moved this Court for appointment of counsel. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

      Petitioner contends that appointment of counsel is required since (1) he lacks the financial means to hire counsel; (2) he is unable to investigate his claims while incarcerated; and (3) his case is unduly complex. He shares these three conditions with nearly all petitioners for writs of habeas corpus. In addition, this Court has previously concluded that the petition, which sought to have the District Court review the denial of a petition for certiorari by the United States Supreme Court, is not within this

1  Court's jurisdiction and lacks merit.  Accordingly, the Court finds no evidence that the interests of
2  justice require the appointment of counsel at this time.
3      Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2016**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE